UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| GARNET ANN DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>SAGENT PHARMACEUTICALS, INC. and McKESSON MEDICAL-SURGICAL INC.,<br><br>Defendants. | No. 2:26-cv-00316 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Sagent Pharmaceuticals, incorrectly identified as Sagent Pharmaceuticals, Inc. ("Sagent"), gives notice of the removal of the above-captioned matter from the Circuit Court of Kanawha County, West Virginia, to the U.S. District Court for the Southern District of West Virginia, Charleston Division. In support of removal, Sagent states further:

### I. BACKGROUND

1. This is a product-liability action. Plaintiff Garnet Ann Davis alleges that, on March 28, 2024, she received an injection of methylprednisolone acetate—an FDA-approved corticosteroid medication used to reduce inflammation, redness, and swelling—manufactured by Sagent and distributed by Defendant McKesson Medical-Surgical, Inc. ("McKesson Med-Surg"). (*See generally*, Ex. A, Compl.)

2. Plaintiff contends the lot administered to her was defective, contaminated with "black particulate matter," and subsequently subject to a recall. (*Id.* ¶¶ 1, 22, 30.)

3. Plaintiff alleges that, due to presence of particulate matter in the medication, she developed a severe infection of the right foot, necessitating the amputation of her right great toe and first ray. (*Id*. at ¶¶ 15–18, 24.)

4. On March 27, 2026, Plaintiff initiated this action in the Circuit Court of Kanawha County, West Virginia, as docketed at Case No. CC-20-2026-C-389.

5. Plaintiff's Complaint seeks compensatory and punitive damages under theories of strict liability (manufacturing defect and failure to warn), negligence, negligence per se, and breach of express and implied warranties.

## II. The Jurisdictional Bases for Removal Are Satisfied

6. Pursuant to 28 U.S.C. § 1332(a), this action is subject to the Court's original subject matter jurisdiction because there exists complete diversity of citizenship among the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A. There Exists Complete Diversity of Citizenship Among the Parties

7. According to the Complaint, Plaintiff is a resident and citizen of West Virginia. (Compl. ¶ 1.)

8. Plaintiff alleges she lives in West Virginia, received the injectable methylprednisolone acetate at issue in West Virginia, and was treated for her alleged injuries in West Virginia. (*Id.* ¶¶ 7, 9, 18.)

9. Sagent therefore alleges that Plaintiff is a citizen of West Virginia for purposes of evaluating diversity jurisdiction.

10. A corporation is considered a citizen of the state where it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

11. Defendant Sagent is, at the time of removal, and was, at the time this action was initiated, a Wyoming corporation with its principal place of business in Illinois. (*See* Ex. B, Sagent Corporate Disclosure Statement.) Sagent is therefore considered a citizen of Wyoming and Illinois for purposes of diversity jurisdiction.

12. According to the Complaint, McKesson Med-Surg is a Virginia corporation with its principal place of business in Virginia. (Compl. ¶ 3.) Sagent therefore alleges McKesson Med-Surg is a citizen of Virginia for purposes of diversity jurisdiction.

13. Because Plaintiff is a citizen of West Virginia and the Defendants are not, Sagent avers that complete diversity of citizenship exists among the parties. *See Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, 200 (4th Cir. 2008) (explaining that a notice of removal adequately pleads diversity jurisdiction through allegations of complete diversity and the amount in controversy, just as a plaintiff may do in a complaint).

**B. The Matter in Controversy Exceeds $75,000**

14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operation Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 553–54.

15. In this way, a defendant's burden in alleging the existence of federal jurisdiction upon removal "is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg*, 519 F. 3d at 200.

16. Plaintiff alleges she suffered severe bodily injuries after receiving a contaminated injection of methylprednisolone acetate, including MSSA bacteremia, septic arthritis,

osteomyelitis, and amputation of her right great toe and first ray. (Compl. ¶ 24.) Plaintiff further alleges to have developed complex regional pain syndrome, phantom limb syndrome with pain, chronic pain, balance deficits, recurrent falls, profound ADL limitations, and a 54% Oswestry "Severe Disability" classification. (*Id*. ¶¶ 24-27.)

17. As a result, Plaintiff claims she underwent multiple hospitalizations and surgical interventions, including debridement, bone biopsy, osteotomy, toe/ray amputation, and later trial and permanent implantation of a spinal cord stimulator. (*Id*.)

18. Plaintiff expressly pleads that her total medical charges to date exceed $156,957.56, exclusive of ongoing and future medical needs for pain management, spinal cord stimulator maintenance, and rehabilitative care. (*Id*. ¶¶ 28, 54.)

19. In addition to past and future medical expenses, Plaintiff seeks compensatory damages for permanent disfigurement and disability, pain and suffering, mental anguish, loss of enjoyment of life, loss of household production, annoyance and inconvenience, and other non-economic harms. (*Id*. at § VI.) Plaintiff also seeks punitive damages based on allegations of willful, wanton, and reckless conduct concerning manufacture, distribution, and recall notification. (*Id*.)

20. Plaintiff's alleged past medical damages, in and of themselves, exceed the jurisdictional threshold, even before considering future medical expenses, non-economic damages, and punitive damages.

21. While expressly denying any and all liability, based on the allegations in the Complaint, Sagent avers that, by the face of the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs, thereby satisfying the second jurisdictional element under 28 U.S.C. § 1332(a). *See Rising-Moore v. Red Roof Inns., Inc.,* 435 F.3d 813, 816 (7th Cir. 2006) (a removing party's burden is to "show what the plaintiff hopes to get out of the litigation; if this

exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold").

## III. The Procedural Elements for Removal Are Satisfied.

22. A notice of removal must be filed within 30 days of receipt of a complaint and summons via formal service of process. 28 U.S.C. § 1446 (b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

23. This removal is timely because it is filed within 30 days of service of process on Sagent. Without waiving any defenses regarding the existence, validity, and/or adequacy of service, the attached Notice of Service of Process reflects a date of service on Sagent of April 6, 2026. (*See* Ex. C, Notice of Service of Process.)

24. Venue is proper in this Court because it is the federal judicial district embracing the state court in which this lawsuit was originally filed. 28 U.S.C. §§ 129(b), 1441(a).

25. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and other papers served upon Sagent are collectively attached hereto as Exhibit D. A docket sheet for the underlying state court action is attached as Exhibit E. Copies of all pleadings and other materials filed in connection with the underlying state-court action are attached hereto, collectively, as Exhibit F.

26. In accordance with 28 U.S.C. § 1446(b)(2)(A), a Notice of Consent to Removal on behalf of McKesson Med-Surg is attached hereto as Exhibit G.

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Circuit Court of the Kanawha County, West Virginia.

28. Sagent's Corporate Disclosure Statement is attached hereto as Exhibit B.

29. No previous application has been made for the relief requested herein.

## IV. RESERVATION OF RIGHTS

30. If any question arises as to the propriety of the removal of this action, Sagent respectfully requests the opportunity to present a brief, evidence, and oral argument in support of their position that this case is removable.

31. Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of Sagent's ability or right to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter, including, but not limited to, (1) lack of personal jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party; (8) standing; (9) waiver; (10) failure to exhaust administrative remedies; or (11) any other pertinent claim or defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## V. JURY DEMAND

32. Sagent demands a trial by jury on all issues so triable.

## VI. REQUEST FOR RELIEF

**WHEREFORE**, Defendant Sagent Pharmaceuticals respectfully requests this Honorable Court to exercise jurisdiction over the claims asserted by Plaintiff and to take any other action necessary to effectuate the removal of this action to the U.S. District Court for the Southern District of West Virginia.

Dated: May 6, 2026

Respectfully submitted,

*/s/ Clem C. Trischler*
Clem C. Trischler (W.V. Bar No. 5267)
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
412-263-1816 Telephone
412-263-4246 Facsimile
cct@pietragallo.com

*Attorney for Defendant Sagent Pharmaceuticals*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2026, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system which will send notification to all parties of record. A true and correct copy of the foregoing Notice of Removal is also being served on the same day via electronic mail upon the following:

Jordan M. Laird
LAIRD LAW, PLLC
2 22nd Street, Suite 202
Wheeling, WV 26003
jordan@laird-law.com

*Attorney for Plaintiff Garnet Ann Davis*

Russell Jessee
STEPTOE & JOHNSON PLLC
P.O. Box 1588
Charleston, WV 25326-1588
russell.jessee@steptoe-johnson.com

*Attorney for McKesson Medical-Surgical, Inc.*

Dated: May 6, 2026

*/s/ Clem C. Trischler*
Clem C. Trischler